IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES MARSHALL                    :          CIVIL ACTION

    v.                            :

MICHAEL HARLOW, et al.            :          NO.  12-946

## REPORT AND RECOMMENDATION

THOMAS J. RUETER
United States Magistrate Judge                    August 28, 2012

        Presently before the court is a pro se petition for a writ of habeas corpus filed

pursuant to 28 U.S.C. § 2254.  Petitioner is incarcerated in the State Correctional Institution

located in Albion, Pennsylvania.  For the reasons that follow, the court recommends that the

petition be denied.

## I.      BACKGROUND AND PROCEDURAL HISTORY

        In February 2001, after a jury trial before the Honorable Eugene Maier in the

Court of Common Pleas of Philadelphia County, petitioner was convicted of robbery and

conspiracy.  On May 13, 2002, the Superior Court of Pennsylvania reversed the judgment of

sentence and granted a new trial finding that hearsay was improperly admitted at the trial.  In

November 2002, after a new trial, petitioner again was convicted of robbery and conspiracy.  On

January 9, 2003, petitioner was sentenced to consecutive sentences of five to ten years

imprisonment for the convictions.  Commonwealth v. Marshall, No. 329 EDA 2003, slip op. at 2

(Pa. Super. Ct. June 9, 2004).  The state court set forth the following account of the events

underlying petitioner's convictions:

        On December 1, 1999 . . ., Emmanuel Glover drove to a MAC machine in
        downtown Philadelphia so that he could retrieve five dollars to buy some Chinese

take-out food.  On his way back to his car after retrieving the money, Glover was approached by Marshall and another man.  Marshall shoved a gun into Glover's ribs, while the other man told Glover to "give it up."  Glover then handed the two men his five dollars and MAC card.  After he did so, the two men ordered him to walk with them.  As they walked, Glover retrieved his own gun and fired several shots at Marshall, hitting him in the buttocks/lower back area.  Marshall and the other man retreated to a nearby car where Marshall's sister Anika Johnson was waiting, and the three drove off together.  Glover returned to the area where the shooting occurred and informed a Temple University police officer of what had happened.  In the meantime, Marshall's sister drove Marshall to Temple University Hospital where he was treated for his gunshot wound.  After the medical personnel removed Marshall's clothing from his body, one of the hospital employees inventoried the contents of the clothes and discovered Glover's MAC card in one of the pockets.  Glover subsequently identified Marshall in a lineup as the person who had held a gun to him during the robbery.

Id. at 1-2.

The Superior Court of Pennsylvania affirmed the judgment of sentence, and the Supreme Court of Pennsylvania subsequently denied petitioner's request for review.

Commonwealth v. Marshall, 858 A.2d 1277 (Pa. Super. Ct. 2004), appeal denied, 918 A.2d 743 (Pa. 2007).

On July 17, 2007, petitioner filed a pro se petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541, et seq.  Commonwealth v. Marshall, No. 2024 EDA 2008, slip op. at 3 (Pa. Super. Ct. Mar. 11, 2011).  The court appointed counsel on January 17, 2008.  Id.  On February 6, 2008, petitioner filed an amended pro se PCRA petition.  Id.  On April 17, 2008, counsel filed a "no merit" letter pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. Ct. 1988) (en banc), and petitioned to withdraw as counsel.  Commonwealth v. Marshall, No. 2024 EDA 2008 (Pa. Super. Ct. Mar. 11, 2011).  On May 21, 2008, the PCRA court issued notice of

2

its intent to dismiss the PCRA petition without a hearing pursuant to Pa. R. Crim. P. 907.  The

PCRA court denied the PCRA petition on June 18, 2008.  Id.

       Petitioner filed an appeal to the Superior Court of Pennsylvania raising numerous

issues.  Id. at 4-6.  The appellate court affirmed denial of the PCRA petition.  Id.  The Supreme

Court of Pennsylvania denied petitioner's request for allowance of appeal on December 29, 2011.

       The instant pro se petition for a writ of habeas corpus dated February 12, 2012,

was filed in this court on February 21, 2012, along with a Memorandum of Law (Doc. No. 1).

Petitioner raises the following four habeas claims:

1. Trial counsel rendered ineffective assistance of counsel for failure to invoke collateral estoppel.

2. [Trial and appellate] counsel rendered ineffective assistance of counsel for failure to challenge illegal sentence.

3. Trial counsel rendered ineffective assistance of counsel [for] failure to request jury charge of lesser included offense.

4. Counsel rendered ineffective assistance of counsel for failure to object to the trial court's erroneous jury instruction.

(Petition ¶ 12.)

       Respondents filed a response on June 5, 2012, arguing that petitioner's claims are

meritless and the petition should be denied (Doc. No. 12).  For the reasons set forth herein, the

court recommends that the habeas petition be denied.

II.     **DISCUSSION**

    A.     **Habeas Corpus Standards**

Petitioner's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  The provisions of the AEDPA relevant to the instant matter provide as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2).

The Supreme Court has instructed that the "contrary to" and "unreasonable application" clauses in Section 2254(d)(1) should be viewed independently.  Williams v. Taylor, 529 U.S. 362, 404-05 (2000).  With respect to Section 2254(d)(1), a federal habeas petitioner is entitled to relief under the "contrary to" clause only if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."  Id. at 413.  The Court in Williams was careful to note that most cases will not fit into this category, which is limited to direct and unequivocal contradiction of Supreme Court authority.  Id. at 406-08.

Under the "unreasonable application" clause of Section 2254(d)(1), a federal habeas court may not issue the writ simply because that court concludes "that the relevant state-

court decision applied clearly established federal law erroneously or incorrectly." Id. at 411. Relief is appropriate only where the state court decision is also objectively unreasonable. Id. See also Waddington v. Sarausad, 555 U.S. 179, 190 (2009) (same). "A state court decision will be an 'unreasonable application' if (1) 'the state court identifies the correct governing legal rule from [the] Court's cases but unreasonably applies it to the facts of the particular . . . case'; or (2) 'the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" Appel v. Horn, 250 F.3d 203, 209 (3d Cir. 2001) (quoting Williams, 529 U.S. at 407).

With respect to 28 U.S.C. § 2254(d)(2), which dictates that federal habeas relief may be granted when the state court adjudication was based on an unreasonable determination of the facts in light of the evidence presented, the petitioner must demonstrate that a reasonable fact-finder could not have reached the same conclusions given the evidence. If a reasonable basis existed for the factual findings reached in the state courts, then habeas relief is not warranted. Campbell v. Vaughn, 209 F.3d 280, 290-91 (3d Cir. 2000), cert. denied, 531 U.S. 1084 (2001).

**B.      Standard for Ineffective Assistance of Counsel Claims**

To establish a claim of ineffective assistance of counsel, a petitioner must show both deficient performance and prejudice. Harrington v. Richter, 131 S. Ct. 770 (2011); Premo v. Moore, 131 S. Ct. 733 (2011); Strickland v. Washington, 466 U.S. 668 (1984). In Strickland, the Supreme Court set forth a two prong test that a petitioner must satisfy before a court will find that counsel did not provide the effective assistance of counsel guaranteed by the Sixth Amendment. Under this test, a petitioner must show: (1) that counsel's performance was

5

deficient; and (2) counsel's deficient performance cause the petitioner prejudice.  Id. at 687-96.

The United States Supreme Court recently observed that "[s]urmounting Strickland's high bar is

never an easy task."  Premo, 131 S. Ct. at 739 (quotation omitted). See also Ross v. District

Attorney of the County of Allegheny, 672 F.3d 198, 209-10 (3d Cir. 2012) (discussing

Strickland).

> To show deficient performance, a petitioner must show "that counsel's
representation fell well below an objective standard of reasonableness" and that "counsel made

errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by

the Sixth Amendment."  Strickland, 466 U.S. at 687.  In evaluating counsel's performance, a

reviewing court should be "highly deferential" and must make "every effort . . . to eliminate the

distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct,

and to evaluate the conduct from counsel's perspective at the time."  Id. at 689.  Moreover, there

is a "strong presumption that counsel's conduct falls within the wide range of reasonable

professional assistance; that is, the defendant must overcome the presumption that, under the

circumstances, the challenged action 'might be considered sound trial strategy.'"  Id. (citation

omitted).  The Court cautioned that the appropriate "question is whether an attorney's

representation amounted to incompetence under 'prevailing professional norms,' not whether it

deviated from best practices or most common custom."  Premo, 131 S. Ct. at 740 (quoting

Strickland, 466 U.S. at 690).

> The United States Supreme Court recently explained the prejudice requirement for
an ineffective assistance of counsel claim as follows:

With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding."  Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

Harrington, 131 S. Ct. at 787-88 (citations omitted).  See also Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (The prejudice requirement of Strickland requires a "'substantial,' not 'conceivable,' likelihood of a different result.").  In assessing prejudice, a court "'must consider the totality of evidence before the judge or jury.'"  Ross, 672 F.3d at 210 (quoting Strickland, 466 U.S. at 695).  It follows that "'counsel cannot be deemed to be ineffective for failing to raise a meritless claim.'"  Id. at 211 n.9 (quoting Werts v. Vaughn, 228 F.3d 178, 202 (3d Cir. 2000)).

Where, as in the instant case, the state court already has rejected an ineffective assistance of counsel claim, a federal court must defer to the state court's decision pursuant to 28 U.S.C. § 2254(e)(1).   See Yarborough v. Gentry, 540 U.S. 1, 5 (2003).  The Court recently stated:

Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult.  The standards created by Strickland and § 2254(d) are both 'highly deferential,' id. at 689; Lindh v. Murphy, 521 U.S. 320, 333 n.7 . . . (1997), and when the two apply in tandem, review is 'doubly' so.  Knowles, 556 U.S. at ___, 129 S. Ct., at 1420.  The Strickland standard is a general one, so the range of reasonable applications is substantial.  556 U.S. at ___, [129 S. Ct., at 1420].  Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d).  When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

Premo, 131 S. Ct. at 740 (quotation omitted).

7

C.     **Petitioner's Claims**

1.     **Trial Counsel Was Ineffective For Failing To Invoke Collateral Estoppel**

Petitioner's first claim is that trial counsel was ineffective because he failed to file a motion in limine arguing against the admission of evidence that petitioner used a gun in the commission of the robbery.  Petitioner contends that the doctrine of collateral estoppel barred the Commonwealth from introducing that evidence because, at petitioner's first trial, the jury found petitioner not guilty of possessing an instrument of crime ("PIC").  (Pet'r's Mem. of Law at 13.) Petitioner raised this claim of ineffective assistance of counsel in his PCRA petition.  The PCRA court denied the PCRA petition.  After citing to Strickland and the standard for ineffective assistance of counsel claims, the trial court rejected this claim stating as follows:

> ["]Collateral estoppel . . . does not automatically bar subsequent prosecutions, but does bar redetermination in a second prosecution of those issues necessarily determined between the parties in a first proceeding which has become a final judgment." Commonwealth v. States, 595 Pa. 453, 458 (Pa. 2007).  Appellant's February 2001 conviction was not a final judgment since a new trial was ordered on appeal.  Hence, the November 2002 retrial was not a second prosecution and trial counsel cannot be ineffective for failing to raise collateral estoppel since such an argument would have no merit.

Commonwealth v. Marshall, No. CP-51-CR-010467-2000, slip op. at 4 (C.P. Phila. Jan. 15, 2009).

On appeal, the Superior Court of Pennsylvania affirmed denial of the PCRA petition stating as follows with respect to petitioner's ineffective assistance of counsel/collateral estoppel claim:

> Instantly, on February 14, 2001, a jury convicted Appellant of first degree robbery and conspiracy, and acquitted Appellant of PIC [possessing an instrument of crime].  Based on the evidence presented, the jury found Appellant had threatened

8

Victim with or intentionally put Victim in fear of immediate serious bodily injury in the course of committing a theft.  See 18 Pa.C.S.A. § 3701(a)(1)(ii); (b) (defining first degree robbery).  Collateral estoppel did not preclude evidence of a firearm because Appellant's PIC acquittal left unresolved the issue of whether Appellant had committed first degree robbery.  The Commonwealth could proceed at Appellant's re-trial with its theory of the case and introduce evidence of Appellant's use of a weapon.  See Rolan, supra.  This evidence was part of the history and natural development of the case.  See id.

Commonwealth v. Marshall, No. 2024 EDA 2008, slip op. at 19-20 (Pa. Super. Ct. Mar. 11, 2011).  The Supreme Court of Pennsylvania denied petitioner's request for allowance of appeal on December 29, 2011.

Double jeopardy prohibits a defendant's retrial for an offense of which he has been acquitted.  Collateral estoppel is embodied in the Fifth Amendment's guarantee against double jeopardy, Ashe v. Swenson, 397 U.S. 436, 445, 448 (1970) (concurring opinion), and "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."  Id. at 443.  In Dowling v. United States, 493 U.S. 342, 348 (1990), the Supreme Court refused "to extend Ashe v. Swenson and the collateral-estoppel component of the Double Jeopardy Clause to exclude in all circumstances . . . relevant and probative evidence that is otherwise admissible under the Rules of Evidence simply because it related to alleged criminal conduct for which a defendant has been acquitted."  In United States v. Blyden, 964 F.2d 1375 (3d Cir. 1992), the prosecution wished to present evidence of assault of which the defendants had been acquitted at a prior trial to prove an essential element of a crime charged, possession of a firearm during a crime of violence arising out of the same incident, that is, that an assault took place and the defendants possessed firearms in the course of committing that offense.  Id. at 1377.  The court

9

concluded that "introduction of the assault evidence . . . is not constitutionally barred." Id. at 1378.  See also Rolan v. Coleman, 2010 WL 4400384, at *28 (E.D. Pa. July 30, 2010) (state court reasonably concluded acquittal for robbery at first trial did not preclude admission of evidence at second trial that defendant demanded money before murdering victim), Report & Recommendation approved and adopted, 2010 WL 4400073 (E.D. Pa. Nov. 2, 2010), aff'd, 2012 WL 1739706 (3d Cir. May 17, 2012).

   The jury at petitioner's first trial acquitted petitioner of the PIC charge, but found him guilty of first degree robbery and conspiracy.[1]  After the Superior Court of Pennsylvania vacated petitioner's guilty verdict from the first trial, it became unresolved whether petitioner committed first degree robbery and conspiracy.  The Commonwealth was permitted to retry petitioner for the first degree robbery and conspiracy charges and, more specifically with respect to the first degree robbery charge, to relitigate the ultimate issue of whether petitioner threatened the victim with, or intentionally put him in fear of, immediate serious bodily injury in the course of committing a theft.  See 18 Pa. Cons. Stat. Ann. § 3701(a)(1)(ii), (b).  At the second trial, petitioner was charged with first degree robbery and conspiracy.  Petitioner was not retried on the PIC charge.  At the second trial, the Commonwealth neither argued to the jury that petitioner had committed the crime of PIC, nor was that charge submitted to the jury.

---

[1]  As noted by Respondents, petitioner's underlying assertion – that his acquittal for PIC at the first trial means that a gun was not used during the robbery – is unsupportable.  Petitioner's PIC acquittal cannot be interpreted as a specific finding that a gun was not used during the robbery because the same jury convicted petitioner of first degree robbery.  Even if these verdicts were inconsistent, "inconsistent verdicts are constitutionally tolerable."  Dowling, 493 U.S. at 353-54 (citation omitted).  See also United States v. Powell, 469 U.S. 57, 64-68 (1984) (recognizing that inconsistent verdicts are often a product of lenity).

In <u>Commonwealth v. States</u>, 938 A.2d 1016, 1021 (Pa. 2007), the court concluded that "where an acquittal cannot be definitively interpreted as resolving an issue in favor of the defendant with respect to the remaining charge, the Commonwealth is free to commence with trial as it wishes."  Here, the previous acquittal on the PIC charge did not resolve the first degree robbery and conspiracy charges; this is true even for the first jury, which convicted petitioner of these crimes.  Petitioner contends that the jury "could, and did, infer that the Complainant was in mortal fear if the Petitioner possessed a gun.  Fear that, arguendo, would not have been present for inference if the Jury never received that evidence."  (Pet'r's Mem. of Law at 23.)  Petitioner's argument that the PIC acquittal deprived the Commonwealth of the only theory to support the first degree robbery charge is clearly erroneous as the first jury acquitted petitioner of PIC but convicted him of first degree robbery and conspiracy.

Moreover, as noted by the PCRA court, "this evidence was part of the history and natural development of the case."  <u>Commonwealth v. Marshall</u>, No. 2024 EDA 2008, slip op. at 20 (Pa. Super. Ct. Mar. 11, 2011) (citation omitted).  As the Supreme Court of Pennsylvania explained in <u>Commonwealth v. Lark</u>, 543 A.2d 491 (Pa. 1988):

> The court is not, however, required to sanitize the trial to eliminate all unpleasant facts from the jury's consideration where those facts are relevant to the issues at hand and form part of the history and natural development of the events and offenses for which the defendant is charged.

<u>Id.</u> at 501.  The issue of whether or not petitioner was guilty of PIC was resolved at the first trial, and it was not relitigated at the second trial.  While the first jury acquitted petitioner of PIC, it convicted him of first degree robbery and conspiracy.  As noted by the state court, whether petitioner threatened the victim with, or intentionally put the victim in fear of, immediate serious

bodily injury in the course of committing a theft is part of the history and development of the case and an unresolved issue.

For all the above reasons, this court agrees with the state courts that a motion in limine filed by defense counsel to preclude the evidence on the grounds of collateral estoppel would have been unsuccessful.  Counsel cannot be found ineffective for failing to raise a meritless claim.  The state court's adjudication of this claim did not result in a decision that was contrary to, or involve an unreasonable application of, clearly established Federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Petitioner's first claim should be denied.

> ### 2.    Trial And Appellate Counsel Rendered Ineffective Assistance Of Counsel For Failure To Challenge Illegal Sentence

Petitioner's sentence included a mandatory sentence enhancement based on petitioner's possession of a firearm during the robbery.  Petitioner explains his second claim as follows:

> The Petitioner was sentenced to more than the presumptive sentencing standard range because the trial court employed an enhancement based on its judicial fact-finding of evidence amounting to processing [sic] an instrument of crime, namely, a firearm [42 Pa. C.S.A. § 9712], where the Petitioner was previous [sic] acquitted of and is; there [sic], actually innocent under the law. . . .  The Petitioner claims that trial and appellate counsel, rendered ineffective assistance by failing to challenge, even on appeal, the application of the mandatory sentence enhancement to petitioner who was "actually innocent" of the acts required to enhance his sentence.

(Pet'r's Mem. of Law at 25.)  The Superior Court of Pennsylvania on PCRA appeal rejected this claim stating as follows:

> With respect to Appellant's challenge to the legality of his sentence, the jury convicted Appellant of a crime of violence.  See 42 Pa.C.S.A. § 9714(g) (defining

first degree robbery as crime of violence).  Additionally, the Commonwealth presented the following evidence at trial: (1) appellant and his cohort approached Victim shortly after he withdrew money from a MAC machine; (2) Appellant shoved a gun into Victim's ribs while the cohort ordered Victim to hand over the money; (3) Victim then handed over the money he had withdrawn and his MAC card; (4) after Appellant and his cohort ordered Victim to walk with them, Victim fired one shot from his licensed firearm into Appellant's buttocks/lower back area; (5) during treatment for Appellant's wound, hospital personnel found Victim's MAC card in one of Appellant's pockets; and (6) Victim identified Appellant in a lineup as the person who had held a gun to him during the robbery. The record makes clear the evidence was sufficient to permit the court at sentencing to find by a preponderance of the evidence that Appellant visibly possessed a firearm and placed the Victim in reasonable fear of death or serious bodily injury during the commission of the robbery.  See 42 Pa.C.S.A. § 9712(a); (b).  Further, to the extent Appellant predicates his legality of the sentence challenge on his previous collateral estoppel argument, we have already determined that claim lacks merit.  As a result, the court's application of the mandatory minimum sentence was proper and Appellant's related ineffectiveness claim merits no relief.

Commonwealth v. Marshall, No. 2024 EDA 2008, slip op. at 24-25 (Pa. Super. Ct. Mar. 11, 2011) (citation omitted).

Under Pennsylvania law, a person convicted of a "crime of violence" during which he visibly possessed a firearm or a replica of a firearm, is subject to a five year mandatory minimum prison sentence.  See 42 Pa. Cons. Stat. Ann. § 9712(a).  As the Superior Court of Pennsylvania on PCRA review detailed above, the evidence presented at trial was sufficient for the sentencing judge to find that petitioner visibly possessed a firearm and placed his victim "in reasonable fear of death or serious bodily injury, during the commission of the offense."  Id. This factual finding is binding upon this court on habeas review.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Petitioner asserts that the sentencing judge overrode the first jury's determination that he did not possess an instrument of crime during the robbery.  As discussed above, both the

13

first jury and the second jury convicted petitioner of first degree robbery and conspiracy. The first jury reached this conclusion despite acquitting petitioner on the PIC charge. The second jury reached the same conclusion regarding the robbery and conspiracy charges without considering the PIC charge. Petitioner's acquittal for PIC at the first trial does not necessarily mean the jury found petitioner did not possess a firearm during the robbery. See United States v. Powell, 469 U.S. 57, 64-69 (1984). Counsel cannot be ineffective for failing to raise a meritless claim. The state court's adjudication of this claim did not result in a decision that was contrary to, or involve an unreasonable application of, clearly established Federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Petitioner's second claim should be denied.

### 3.    Trial Counsel Rendered Ineffective Assistance Of Counsel For Failure To Request Jury Charge Of Lesser Included Offense

Petitioner raised this claim in his habeas petition but did not address it in his Memorandum of Law. In his habeas petition, petitioner explains the basis of this claim as follows:

> Petitioner was entitled to jury instruction on the lesser included offenses of Felone [sic] - 2 and Felone [sic] - 3 Robbery, where evidence would permit the jury to rationally find him guilty of the lesser offense and acquit him of the greater.

(Petition ¶ 12.) Petitioner raised this claim in his PCRA petition. The PCRA court rejected this claim and the Superior Court of Pennsylvania affirmed on appeal stating as follows:

> "A defendant is entitled to a charge on a lesser-included offense only where the offense has been made an issue in the case **and evidence would reasonably support such a verdict**." Commonwealth v. Barnes, 871 A.2d 812, 823 (Pa. Super. 2005) (quoting Commonwealth v. Gwynn, 555 Pa. 86, 106, 723 A.2d 143, 152 (1998), cert. denied, 528 U.S. 969, 120 S. Ct. 410, 145 L.Ed.2d 320 (1999) (emphasis in original)). See Barnes, supra (holding jury instruction on

14

lesser-included offense of theft was not warranted in robbery prosecution where defendant took property from victim immediately after victim was shot and killed by defendant's companion; defendant was convicted as accomplice to robbery, evidence overwhelmingly demonstrated that defendant's companion shot victim to take property from victim, and defendant aided in crime when he took property from victim's pockets and person); Commonwealth v. Blount, 564 A.2d 952 (Pa. Super. 1989), appeal denied, 525 Pa. 594, 575 A.2d 561 (1990) (holding defendant was not entitled to jury instruction on lesser degrees of robbery where amount of force defendant used in robbery exceeded amount of force contemplated by lesser degree of crime).

. . .

Additionally, Appellant's related claim that trial counsel was ineffective for failing to request a lesser included offense charge also fails because Appellant predicated that claim on his collateral estoppel argument.  See Barnes, supra. Appellant's failure to establish that his collateral estoppel claim has arguable merit causes his ineffectiveness claims on these grounds to fail.  See Kimball, supra; Gonzalez, supra.

Commonwealth v. Marshall, No. 2024 EDA 2008, slip op. at 13-14, 20 (Pa. Super. Ct. Mar. 11, 2011).

The state court correctly notes that petitioner's instant ineffective assistance of counsel claim is predicated on petitioner's collateral estoppel claim.  Petitioner contends that due to the PIC acquittal at the first jury trial, a jury could have found petitioner guilty of a lesser offense and acquitted him of first degree robbery.  Again, this court points out that the first jury acquitted petitioner of PIC and convicted him of first degree robbery.  For the reasons set forth above, petitioner's collateral estoppel claim fails.  Since petitioner was not entitled to a lesser-included offense instruction, trial and appellate counsel were not ineffective for failing to request one.  The state court's adjudication of this claim did not result in a decision that was contrary to, or involve an unreasonable application of, clearly established Federal law, nor did it result in a

15

decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Petitioner's third claim should be denied.

> **4.     Counsel Rendered Ineffective Assistance Of Counsel For Failure To Object To The Trial Court's Erroneous Jury Instruction**

As with his third habeas claim, petitioner raised this fourth claim in his petition, but did not address it further in his Memorandum of Law.  In his petition, petitioner explained this claim as follows:  "Counsel allowed the Trial court instructions to [relieve] the Commonwealth of its burden of having to prove every element of Felony[-]1 Robbery beyond a reasonable doubt."  (Petition ¶ 12.)  Petitioner raised this claim in his PCRA petition.  The PCRA court rejected this claim, and the Superior Court of Pennsylvania affirmed stating as follows:

> When reviewing a challenge to a jury instruction:
>
> [W]e must review the jury charge as a whole to determine if it is fair and complete.  A trial court has wide discretion in phrasing its jury instructions, and can choose its own words as long as the law is clearly, adequately, and accurately presented to the jury for its consideration.  The trial court commits an abuse of discretion only when there is an accurate statement of the law.
>
> Commonwealth v. Baker, 963 A.2d 495, 507 (Pa. Super. 2008) (quoting Commonwealth v. Jones, 954 A.2d 1194, 1198 (2008), appeal denied, 599 A.2d 708, 962 A.2d 1196 (2008)).  Additionally, we can presume the jury followed the court's instructions.  Commonwealth v. Robinson, 581 Pa. 154, 243, 864 A.2d 460, 513 (2004), cert. denied, 546 U.S. 983, 126 S. Ct. 559, 163 L.Ed.2d 470 (2005).
>
> . . .
>
> With respect to counsel's failure to object to the court's jury instructions, the court provided the following instructions for robbery and accomplice liability:
>
> Now, [Appellant] has been charged with the crime of robbery.  In order to find [Appellant] guilty of robbery, you must be satisfied that the following elements have been proven beyond a reasonable doubt.  First, that

16

> [Appellant] threatened [Victim] with immediate serious bodily injury or
> put [Victim] in fear of such injury or threatened immediately to commit
> serious bodily injury on him.  And second, that [Appellant] did so in the
> course of committing a theft.  Let me do those elements again.  The
> Commonwealth must prove that [Appellant] threatened [Victim] with
> immediate serious bodily injury or intentionally put him in fear of serious
> bodily injury.  And second, that [Appellant] did so in the course of
> committing a theft. . . .
>
> . . .
>
> You may find [Appellant] guilty of a crime without finding that he
> personally engaged in the conduct required for the commission of that
> crime.  When I tell you about liability for the conduct of an accomplice,
> it's going to sound very much like what I have just talked about with
> criminal conspiracy.  The difference between the two, criminal conspiracy
> is a separate criminal offense.  And when you're an accomplice of
> somebody, you're guilty of the crime, itself.  A defendant is guilty of a
> crime – in this case it would be robbery – if he's an accomplice of another
> person who commits the crime.  A defendant does not become an
> accomplice merely by being present at the scene or knowing about a crime.
> He, however, becomes an accomplice with the intent of promoting or
> facilitating the commission of a crime – in this case robbery – if he aids,
> agrees to aid or attempts to aid the other person in planning or committing.
> You may find [Appellant] guilty of the crime of robbery on the theory that
> he was an accomplice of the other person as long as you are satisfied
> beyond a reasonable doubt that, first of all, the robbery was committed and
> that [Appellant] was an accomplice of the person who committed it.

(N.T. Trial, 11/26/02, at 392-97.)  The record makes clear the court's instructions
were proper.  See 18 Pa.C.S.A. §§ 3701(a)(1)(ii); (b); 306(c) (defining accomplice
liability); Baker, supra.  Appellant's failure to establish that his claim has arguable
merit causes his related ineffectiveness claim to fail.  See Kimball, supra;
Gonzalez, supra.

Commonwealth v. Marshall, No. 2024 EDA 2008, slip op. at 14, 20-21 (Pa. Super. Ct. Mar. 11,

2011).  The state court, confronted with a claim of ineffective assistance of counsel regarding a

jury instruction, began its analysis by reviewing the challenged instruction.  The state court

concluded that the challenged instruction was correct under state law and, therefore, the ineffectiveness claim failed.

The state court's factual conclusion that the given instruction was accurate under state law is binding upon this court.  See 28 U.S.C. § 2254(e)(1); Estelle, 502 U.S. at 67-68.  See also Apfel, 250 F.3d at 209 (The AEDPA increases the deference federal courts must give to the factual findings and legal determinations of the state courts.) (citing 28 U.S.C. § 2254(e)(1)) (quotation omitted).

The federal law applied by a habeas court considering a challenge to a jury instruction is similar to that detailed by the state court above.  As a general rule, a trial judge has "broad discretion in framing the form and language of the charge to the jury."  United States v. Traitz, 871 F.2d 368, 383 (3d Cir.) (quotations omitted), cert. denied, 493 U.S. 821 (1989).  A single instruction to a jury may not be "judged in artificial isolation, but must be viewed in the context of the overall charge."  Donnelly v. DeChristoforo, 416 U.S. 637, 645 (1974) (internal quotations omitted).  Moreover, a reviewing habeas court must consider not simply whether an instruction is erroneous, but whether it "so infected the entire trial that the resulting conviction violates due process."  Henderson v. Kibbe, 431 U.S. 145, 154 (1977).  See also Waddington, 555 U.S. at 190-91.

Mindful that a trial judge has "broad discretion in framing the form and language of the charge to the jury," Traitz, 871 F.2d at 383, and of the requirement that a single instruction to a jury may not be "judged in artificial isolation, but must be viewed in the context of the overall charge," Donnelly, 416 U.S. at 645, this court has reviewed the entire jury charge.  (N.T., 11/26/02, at 389-401.)  This court agrees with the Superior Court of Pennsylvania that the trial

Case 2:12-cv-00946-MAM   Document 13   Filed 08/28/12   Page 19 of 21

court's instructions accurately stated the law in Pennsylvania. This court also finds that the instruction at issue did not "so infect[] the entire trial that the resulting conviction violates due process." Henderson, 431 U.S. at 154.

In his petition, petitioner asserts that the instructions "[relieved] the Commonwealth of its burden of having to prove every element of Felony[-]1 Robbery beyond a reasonable doubt." (Petition ¶ 12.) Petitioner does not specify where in the instructions this occurred and this court cannot locate such an instruction. Since the instructions were not erroneous, petitioner's ineffective assistance of counsel claim should be denied as counsel cannot be found to be ineffective for failing to raise a meritless claim. The state court's adjudication of this claim did not result in a decision that was contrary to, or involve an unreasonable application of, clearly established Federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Petitioner's fourth claim should be denied.

## III.   CONCLUSION

For all of the above reasons, the court makes the following:

### R E C O M M E N D A T I O N

AND NOW, this 28th day of August, 2012, the court respectfully recommends that the petition for a writ of habeas corpus be **DENIED**, petitioner's motion to expand the record (Doc. No. 6) be **DENIED**[2], and that no certificate of appealability be issued.[3]

_____

[2]    In his motion to expand the record (Doc. No. 6), petitioner seeks to expand the habeas record to include numerous documents detailed in the motion. The court recommends that the motion to expand be denied as the court had a sufficient record, as supplemented by the state court record, to decide the issues raised in the habeas petition. The court also considers the motion to expand as a request for discovery by petitioner, as he asserts in the motion that he has

Petitioner may file objections to the Report and Recommendation.  <u>See</u> Loc. R.

Civ. P. 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.


BY THE COURT:


/s/ Thomas J. Rueter
THOMAS J. RUETER
United States Magistrate Judge

---

not received numerous documents.  Discovery in a habeas case proceeds according to Rule 6 of the Rules Governing § 2254 Cases, which states: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."  Accordingly, a habeas petitioner is entitled to discovery only upon a showing of good cause and, even then, the scope of the discovery is subject to the district court's discretion. <u>Williams v. Beard</u>, 637 F.3d 195, 209 (3d Cir. 2011), <u>cert. denied</u>, 2012 WL 2470112 (U.S. June 29, 2012).  A habeas petitioner may satisfy the "good cause" requirement by setting forth specific factual allegations which, if fully developed, would entitle him to the writ.  <u>Id.</u>  The burden rests on the petitioner to demonstrate that the requested information is pertinent and that there is good cause for its production.  <u>Id.</u>  Here, petitioner fails to set forth specific factual allegations which, if fully developed, would entitle him to habeas relief.  Petitioner's request for discovery should be denied.

[3]      The COA should be denied because petitioner has not shown that reasonable jurists could debate whether his petition should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further.  <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES MARSHALL                :             CIVIL ACTION

      v.                         :

MICHAEL HARLOW, <u>et al.</u>     :           NO.  12-946

<u>**ORDER**</u>

AND NOW,  this       day of                          , 2012, upon

consideration of the pleadings and record herein, and after review of the Report and

Recommendation of United States Magistrate Judge Thomas J. Rueter, it is hereby

**ORDERED**

that:

        1.        The Report and Recommendation is **APPROVED** and **ADOPTED**;

        2.        Petitioner's petition for a writ of habeas corpus is **DENIED**;

        3.        Petitioner's motion to expand the record (Doc. No. 6) is **DENIED**; and

        4.        There is no probable cause to issue a certificate of appealability.

BY THE COURT:

_____
MARY A. McLAUGHLIN,              J.